# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UPSTAY, INC.,

Petitioner,

v. Case No.: 6:26-cv-00633-JSS-LHP

DANIEL KRZEWSKI, HEATHER KRZEWSKI,

Respondents,

---

## ORDER

Petitioner Upstay, Inc. has filed a Petition to Confirm Foreign Arbitral Award and for Entry of Judgment against Respondents Daniel Krzewski and Heather Krzewski. Doc. No. 1. Respondents have not yet been served with process. In response to an Order to Show Cause from the presiding District Judge regarding said service, Doc. No. 13, Petitioner has filed a Response to Order to Show Cause and Motion for Extension of Time and for Alternative Service Under Rule 4(f)(3). Doc. No. 14. The embedded motion has been referred to the undersigned for disposition. For the reasons set forth below, the embedded motion (Doc. No. 14) will be **GRANTED in part**.

As Petitioner explains, because Respondents reside in Ontario, Canada, service of process must comport with the requirements of Federal Rule of Civil

Procedure 4(f). Doc. No. 14, at 2; *see also* Doc. Nos. 1, 4. The process server first attempted service on Respondents at their last known business address, but learned that Respondents no longer conduct business at that address. Doc. No. 14, at 2; Doc. No. 14-1. The process server then located Respondents' residential address in Ontario, and attempted service at the residence on two occasions. Doc. No. 14, at 2–3; Doc. No. 14-2. Both times, there were visible signs of presence inside the residence, but no one answered the door. *Id.* So, Petitioner seeks to conduct alternative service on Respondents under Federal Rule of Civil Procedure 4(f)(3), specifically by (a) registered mail or commercial courier (with delivery confirmation) addressed to each Respondent at the Ontario residential address; (b) posting a copy of the service documents at the front door of the Ontario residence by an Ontario process server; and (c) electronic mail to the email addresses each Respondent personally used to communicate throughout the underlying arbitration, as reflected in the arbitration record. *Id.* at 4.

Federal Rule of Civil Procedure 4 provides, in relevant part:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > **(C)** unless prohibited by the foreign country's law, by:
> >
> > > **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Courts in this District have found that "[t]hese three methods of service are independent of each other, and a party need not first attempt service under subsections (1) or (2) before attempting service by alternative means under subsection (3)." *United States v. Advoc. L. Groups of Fla., P.A.*, No. 6:18-cv-1836-Orl-28GJK, 2022 WL 20806149, at *3 (M.D. Fla. Jan. 28, 2022) (quoting *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-Orl-40KRS, 2016 WL 7137699, at *2 (M.D. Fla. Nov. 29, 2016)); *see also Sec. & Exch. Comm'n v. Martin*, No. 6:17-cv-1385-Orl-37GJK, 2019 WL 13474699, at *2 (M.D. Fla. May 8, 2019) ("Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands

independently, on equal footing." (quoting *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 5-CIV-21962, 2007 WL 1577771, at *1 (S.D. Fla. May 31, 2007)). Indeed, "Rule 4(f)(3) is neither a last resort nor extraordinary relief," and "[t]he only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Advoc. L. Groups of Fla., P.A.*, 2022 WL 20806149, at *3 (citations and quotation marks omitted); *see also, e.g.*, *Oppedisano v. Myles*, No. 22-CV-62449, 2023 WL 11956367, at *1 (S.D. Fla. May 24, 2023) ("[A]lternative methods of service under Rule 4(f)(3) are available without first attempting service by other means." (citation and quotation marks omitted); *Pearson Educ. Inc. v. Doe 1*, No. 18-CV-7380 (PGG) (OTW), 2019 WL 6498305, at *2 (S.D.N.Y. Dec. 2, 2019) ("[E]xhaustion of service methods under Rule 4(f)(1) or (f)(2) is not a prerequisite for service under subsection (f)(3).").

The means of service must still satisfy due process, however. *See Advoc. L. Groups of Fla., P.A.*, 2022 WL 20806149, at *4. "To meet the due process requirement, the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Martin*, 2019 WL 13474699, at *2 (citation and quotation marks omitted).

The United States and Canada are both signatories to the Hague Convention. *See Advoc. L. Groups of Fla., P.A.*, 2022 WL 20806149, at *4 (citations omitted).

"Because Canada has not expressly objected to service by email, it is not prohibited by international agreement." *Id.* (citation omitted); *see also Black & Decker Inc. v. King Grp. Canada*, No. 1:08-CV-2435-BBM, 2009 WL 10670400, at *2, 3 (N.D. Ga. May 20, 2009). And "Courts have routinely found that service via email under Rule 4(f)(3) satisfies due process." *See Advoc. L. Groups of Fla., P.A.*, 2022 WL 20806149, at *4. Same goes for service by both email and regular mail. *Id. See also, e.g.*, *Black & Decker Inc.*, 2009 WL 10670400, at *3 ("[T]he court is unaware of any international agreement prohibiting service in this manner.").

Upon due consideration, because the methods of service proposed by Petitioner are reasonably calculated to apprise Respondents of this action, Petitioner's motion is well taken, in part. *See Advoc. L. Groups of Fla., P.A.*, 2022 WL 20806149, at *4-5 (permitting alternative service by mail and email); *Black & Decker Inc.*, 2009 WL 10670400, at *3-4 (same); *see also Oppedisano*, 2023 WL 11956367, at *1-2 (permitting service on Canadian defendants under Rule 4(f)(3) by e-mail, website publication, or mail); *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fla. 2012) (permitting service on Canadian defendant under Rule 4(f)(3) by both FedEx and email). However, the Court declines at this time to determine the sufficiency of said service once made. *See Advoc. L. Groups of Fla., P.A.*, 2022 WL 20806149, at *4 ("[T]he Government may serve Kourouklis via email and mail, however, no determination at this point as to the sufficiency of such service is made." (citing

*Maale v. Caico Beach Club Charter, Ltd.*, No. 08-80131-CIV, 2009 WL 10669015, at *2 (S.D. Fla. Feb. 12, 2009) (declining to determine sufficiency of alternate service in order granting motion permitting it)). Moreover, Petitioner requests through October 12, 2026 to effect said service, without explanation as to why such a lengthy extension is warranted. Doc. No. 14, at 5. Thus, the Court will permit an extension of sixty (60) days.

Accordingly, Petitioner's embedded motion (Doc. No. 14) is **GRANTED in part**. Petitioner may effect service of process on Respondents each by: (a) registered mail or commercial courier (with delivery confirmation) addressed to each Respondent at the Ontario residential address; (b) posting a copy of the service documents at the front door of the Ontario residence by an Ontario process server; and (c) electronic mail to the email addresses each Respondent personally used to communicate throughout the underlying arbitration, as reflected in the arbitration record, as set forth in the motion (Doc. No. 14, at 4). Petitioner shall have **sixty (60) days** from the date of this Order to effect said service, and to file proof of service with the Court. Petitioner's motion is **DENIED without prejudice** in all other respects. This Order does not otherwise speak to the Order to Show Cause (Doc. No. 13), which remains pending before the presiding District Judge.

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties